[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12822
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2009
THOMAS K. KAHN
CLERK

Agency No. A72-373-515

MENG GEN LIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 16, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Meng Gen Lin, through counsel, seeks review of the Immigration Judge

("IJ") and Board of Immigration Appeal's ("BIA") decision pretermitting his 2001

application for asylum ("2001 Application") as untimely, and denying withholding of removal under the Immigration and Naturalization Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT relief").

In its oral decision, the IJ concluded that Lin had failed to present sufficient credible evidence to support his claims that he would be persecuted for violating China's family-planning policies. Thereafter, the BIA affirmed and adopted the IJ's decision, finding, inter alia, that the IJ's adverse credibility determination was not clearly erroneous. On appeal, Lin contends that he was eligible for withholding of removal and CAT relief based on his claim that he would be persecuted for violating China's family-planning policies. In those arguments, however, Lin fails to attack the IJ's determination that he failed to provide credible evidence to support his claims.

As an initial matter, Lin originally sought asylum relief, but in his brief before us, Lin has not argued this issue and has therefore abandoned it. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003); Al Najjar v. Ashcroft, 257 F.3d 1262, 1283 n.12 (11th Cir. 2001) (stating that issues not argued in the initial brief on appeal are deemed abandoned). In addition, Lin did not properly raise his claim for CAT relief before the BIA, and we dismiss this portion of his petition for review. See Alim v. Gonzales, 446 F.3d 1239, 1253 (11th Cir. 2006) (holding that we lacked jurisdiction over a claim when the petitioner did not

2

discuss the merits of the claim, resulting in failure to exhaust available administrative remedies).

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Nreka v. U.S. Att'y Gen., 408 F.3d 1361, 1368 (11th Cir. 2005) (citing Al Najjar, 257 F.3d at 1284). In this case, the BIA both expressly adopted the IJ's decision and made its own observations, so we review both the BIA's and the IJ's decisions.

To the extent the BIA's decision was based on a legal determination, our review is de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). However, factual determinations are reviewed under the substantial-evidence test, and we "must affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted). Thus, a finding of fact will be reversed "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal . . . ." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004); see also INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ."). In addition we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in

3

favor of that decision." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) (quotation omitted).

We may not substitute our judgment for that of the IJ and BIA with respect to credibility findings. D-Muhumed, 388 F.3d at 818. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the . . . credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (quotations omitted).

The IJ must make an explicit, or "clean," determination that an applicant's testimony is not credible, which will be viewed as conclusive unless a reasonable factfinder would be compelled to conclude to the contrary. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). A comment on the sufficiency of the evidence concerning a certain point, without more, may not constitute a sufficient credibility finding. See id. at 1201 (holding that an IJ's statement that an applicant's testimony was "extremely inconsistent and [made] absolutely no sense whatsoever" was not a clean credibility finding but a comment on the sufficiency of the evidence). Furthermore, if the IJ does not make a specific finding as to credibility, the petitioner's testimony is presumed to be credible. See Niftaliev v. U.S. Att'y Gen., 504 F.3d 1211, 1216 (11th Cir. 2007) (finding that the IJ stated the petitioner was not incredible and testimony was consistent with the application).

4

Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments. See In re B–, 21 I & N Dec. 66, 70 (BIA 1995). An adverse credibility determination alone may be the basis for denying an asylum application if the applicant produces no evidence other than his testimony. Forgue, 401 F.3d at 1287. If the applicant produces evidence then it must also be considered by the IJ, and the IJ may not rely solely on an adverse credibility determination in denying relief in those instances. Id.

An IJ or the BIA may require a petitioner to present corroborating evidence. Under the REAL ID Act of 2005, "[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." Pub. L. No. 109-13, Div. B, § 101(e), 119 Stat. 231, 305 (2005). This provision is retroactively applicable to all cases in which the final administrative order was issued before, on, or after May 11, 2005, the effective date of the REAL ID Act of 2005, and thus, it applies to Lin. Id. at § 101(h)(3), 119 Stat. at 305.

The IJ listed numerous inconsistencies among Lin's testimony, his 2001 Application, and his 1994 Application. The IJ also determined that Lin had failed to present credible evidence of the number of children he had and whether or not his wife was sterilized. The specific inconsistencies cited by the IJ and BIA

5

are supported by the record, given that Lin did not mention the existence of his second daughter until after he initially filed the 2001 Application, as well as the fact that Lin's 1994 Application put him in the United States at the time of the child's alleged date of conception and birth.

Because substantial evidence supported the BIA's and IJ's determinations that Lin failed to provide credible evidence with regard to his withholding of removal claim, we deny this portion of the petition for review.

Upon review of the record on appeal, and upon consideration of the parties' briefs, we find no reversible error.

**PETITION DISMISSED, IN PART, AND DENIED, IN PART.**